IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NICKOLAS BROOKS, #02073056,       § | |
| PETITIONER,       § | |
| § | |
| v.       § | CIVIL CASE NO. 3:18-CV-1975-L-BK |
| § | |
| LORIE DAVIS, DIRECTOR,       § | |
| TEXAS DEPARTMENT OF CRIMINAL       § | |
| JUSTICE, CORRECTIONAL       § | |
| INSTITUTIONS DIVISION DIV.,       § | |
| RESPONDENT.       § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for a recommended disposition. For the reasons explained here, the habeas petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

I.   BACKGROUND

On January 22, 2014, upon Nickolas Brooks' guilty plea to the charge of aggravated assault with a deadly weapon, the trial court deferred the adjudication of his guilt and sentenced him to five years' community supervision. Doc. 8 at 1-2; *State v. Brooks*, No. F1300623-T, *Order of Deferred Adjudication* (283rd Judicial Dist. Ct., Dallas Cty, Tex., Jan. 22, 2014). Subsequently, on May 25, 2016, the state court adjudicated Brooks' guilt and sentenced him to 12 years' confinement. *Id.*, *Judgment Adjudicating Guilt*.[1]  Brooks' conviction was affirmed on

---

[1] The state trial court's docket sheet and electronic copy of the *Deferred Adjudication Order* and *Judgment Adjudicating Guilt*, both docketed as "Judgment - Criminal Min," are available by

direct review, *Brooks v. State*, No. 05-16-00657-CR, 2017 WL 34589 (Tex. App. – Dallas, Jan. 4, 2017, no pet.),² and on July 10, 2017, he unsuccessfully sought state habeas relief, *Ex parte Brooks*, No. WR-87,368-01 (Tex. Crim. App. April 25, 2018).³

On July 31, 2018, Brooks filed his *pro se* federal habeas petition in the instant case, challenging his guilty plea and sentence of deferred adjudication. Doc. 3. He argues that his attorney had a conflict of interest and that he received ineffective assistance of counsel during the guilty plea proceedings. Doc. 3 at 6-7. He also challenges the sufficiency of the evidence and claims that he is innocent of the aggravated assault charge. *Id.* As his federal petition appeared untimely, the Court directed Petitioner to respond regarding the application of the one-year limitations period, which he has since done. Doc. 6; Doc. 7. Having now reviewed all of the applicable pleadings, the Court concludes that Brooks' petition was filed well beyond the expiration of the one-year limitations period and, because no exception applies, it should be dismissed as time barred.

## II.    ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court

---

entering the case number (F1300623) at http://courtecom.dallascounty.org/publicaccess/ (last accessed January 29, 2019).

² The appeal docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=05-16-00657-CR&coa=coa05 (last visited Jan. 22, 2019).

³ The state habeas docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-87,368-01&coa=coscca (last accessed Jan. 22, 2019).

may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Brooks does not allege any facts that could trigger a starting date under Subsections 2254(d)(1)(B)-(D). And because the issues he raises relate only to the state court's January 22, 2014 *Order of Deferred Adjudication* (rather than the subsequent adjudication of guilt and imposition of sentence),[4] the limitations period is counted from the date the *Order of Deferred Adjudication* became final (30 days later on February 21, 2014). *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Tharpe v. Thaler*, 628 F.3d 719, 723-25 (5th Cir. 2010) (in the case of deferred adjudication, two limitations periods apply—one to claims relating to the order of deferred adjudication and the other to claims relating to the adjudication of guilt).

Consequently, the one-year period for Brooks to timely file a federal habeas petition expired on February 21, 2015. Moreover, because he did not file his state habeas application until July 10, 2017—more than two and one-half years after the one-year period expired—he is not entitled to statutory tolling.[5] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (concluding that state habeas application filed after one-year period expired

---

[4] Although Brooks subsequently filed, on December 7, 2018, his *Petition for Writ of Habeas Corpus Seeking Relief from Final Felony Conviction*, Doc. 8, he nonetheless raises only issues that relate to the indictment against him and which occurred prior to the entry of the judgment of deferred adjudication.

[5] The state application was signed on July 10, 2017 and filed on July 21, 2017. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application). An electronic copy of the application is available on the docket sheet at http://courtecom.dallascounty.org/publicaccess/ (last accessed Dec. 20, 2018) (Case No. W1300623A).

does not statutorily toll limitations period). Consequently, absent equitable tolling, Brooks' federal petition is outside the one-year period under Section 2254(d)(1)(A).

### B. Equitable Tolling

Brooks asserts that his trial counsel rendered ineffective assistance during the guilty plea proceedings because he failed to inform him that he had a right: (1) to a fair trial, (2) to file a direct appeal, and (3) to submit a federal habeas corpus petition. Doc. 7 at 2. He also avers that counsel did not advise him of the one-year statute of limitations for filing a federal petition. *Id.*

The party seeking equitable tolling has burden of showing entitlement to such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). To meet that burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). Here, Brooks has failed to establish that equitable tolling is warranted.

First, Brooks does not premise his failure to timely file on any misrepresentation by, or misinformation received from, counsel. He complains instead of the lack of information provided by counsel. *Cf. United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (concluding attorney's misrepresentations may be grounds for equitable tolling); *Vineyard v. Dretke,* 125 Fed. Appx. 551, 553 (5th Cir. 2005) (per curiam) (noting equitable tolling is warranted when an attorney affirmatively misinforms his client and causes him to miss the limitations period).

Second, counsel's alleged ineffective assistance occurred before the judgment of deferred adjudication and, thus, well before the one-year limitations period elapsed in February 2015. *Cf. Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000) (ineffective assistance of counsel on appeal is not relevant to equitable tolling). However, Brooks wholly fails to offer any explanation of

why he did not file a federal petition until well after the limitations period expired. His *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) (finding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

This also is not a case in which Brooks pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period, waiting almost two and one-half years from the date his deferred adjudication order became final to file his state habeas application. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (noting "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Consequently, Brooks has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### C. Actual Innocence

Despite his guilty plea, Brooks also purports to raise a claim of actual innocence. However, his assertions are unavailing. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A gateway actual innocence claim is available only when a movant presents "evidence of

innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Brooks' actual innocence claim is conclusory. He asserts there is no proof that he "actually fired shots at the complainant," who was involved in a confrontation with his then girlfriend. Doc. 3 at 7; Doc. 8 at 6 (complaining of actual innocence due to insufficient evidence when he pled guilty). *See Perkins*, 569 U.S. at 386 (concluding that a petitioner presents a credible claim of actual innocence by producing new evidence that is sufficient to persuade the court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" (quoting *Schlup*, 513 U.S. at 329)). But even when liberally construed, Brooks' argument is not supported by new reliable evidence that was not available when he pled guilty. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) ("Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'"); *Floyd v. Vannoy*, 894 F.3d 143, 156 (5th Cir. 2018) (finding information that "was not presented at trial, and remained unknown to the prosecution, defense, and trial judge throughout the trial . . . [was] 'new' evidence"). Thus, Brooks' conclusory assertion that he is innocent does not even come close to satisfying the rigorous standard in *Schlup*.

In sum, Brooks plainly fails to present a credible claim of actual innocence. Accordingly, the actual innocence exception is inapplicable under the facts of this case, and the petition is time barred.

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED**, January 31, 2019.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).